UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EDWARD JAMES SCHWARTZ and
SHARON DIANE SCHWARTZ,

        Defendants.
_____/

File No. 1:08-CR-10

HON. ROBERT HOLMES BELL

**OPINION**

    Defendants Edward James Schwartz and Sharon Diane Schwartz have been indicted on one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and three counts of tax evasion in violation of 26 U.S.C § 7201. (Dkt. No. 1, Indictment.) This matter comes before the Court on Defendants' pro se letter-motion to discharge counsel (Dkt. No. 35) and the government's motion in limine (Dkt. No. 24). For the reasons stated on the record on May 12, 2008, and for the reasons stated in this opinion, Defendants' motion to discharge counsel (Dkt. No. 35) will be denied and the government's motion in limine (Dkt. No. 24) will be granted in part and reserved in part.

**I.**

    On May 9, 2008, Defendants advised in a letter faxed to the Court that their attorneys would no longer represent them and that they would not be bound by any agreements

between their attorneys and the government. Defendants conclude their letter by stating that "we do not have a clue as to what our options are or what we should do." (Dkt. No. 35, at 3.) The Court has construed the letter as a motion to discharge counsel.

The Court appointed counsel for Defendants at Defendants' request. (Dkt. Nos. 8, 12, Mins. of Arraignment and Initial Pretrial Conf.). In their May 8, 2008, letter to the Court, Defendants have raised concerns that they are not receiving effective assistance of counsel because counsel have not filed any motions in their defense, have not done any discovery, and have not done anything else, except to assist the government.

The Court addressed Defendants' concerns at the final pretrial conference on May 12, 2008. Representations of defense counsel and counsel for the government at the final pretrial conference made it abundantly clear that Defendants' perception that counsel had not done anything on their behalf is wholly inaccurate. The record reflects that defense counsel have been actively engaged in representing Defendants. Their efforts include obtaining the services of an investigator and a tax expert, reviewing the government's extensive documentary evidence, and engaging in plea negotiations.

Defendant Edward Schwartz acknowledged that he and his wife have met twice with counsel. He also acknowledged that he had ignored counsel's repeated efforts to schedule an appointment to discuss their good-faith defense. Defendant Edward Schwartz indicated that counsel should have at least filed a motion for summary judgment and a motion to

recuse based upon the Court's alleged collusion with the government in the assignment of tax cases.

As the Court explained on the record, the motions Defendants contend should have been filed have no merit. Defendants have not suggested that there are any motions of even arguable merit that counsel might have filed on their behalf. The appointed counsel in this case are competent and experienced defense attorneys who this Court holds in high esteem.

To the extent Defendants' letter-motion is construed as a motion for substitution of counsel, the motion must be denied because Defendants have not demonstrated good cause to warrant the substitution of appointed counsel. *See United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990) ("An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel."); *Wilson v. Mintzes*, 733 F.2d 424, 427 (6th Cir. 1984) (holding that good cause to warrant substitution of counsel includes "a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict"). Defendants' uninformed objections to counsel's trial strategy and counsel's unwillingness to pursue, at Defendants' request, frivolous claims and motions, does not constitute good cause. *See United States v. Cook*, No. 93-6137, 1994 WL 637720 (6th Cir. Nov. 10, 1994) (unpublished).

To the extent Defendants' letter-motion is construed as a motion for self-representation the motion must also be denied. A criminal defendant has a right to represent

himself without counsel only if he "knowingly and intelligently" waives his Sixth Amendment right to counsel. *Wilson v. Parker*, 515 F.3d 682, 694 (6th Cir. 2008) (citing *Faretta v. California* 422 U.S. 806, 835 (1975)). A court's duty to inquire into such a waiver only arises if the criminal defendant has "clearly and unequivocally asserted his right to proceed pro se." *United States v. Cromer*, 389 F.3d 662, 682 (6th Cir. 2004). Defendants have not clearly and unequivocally asserted their right to proceed without the benefit of counsel. Neither have they knowingly and intelligently waived their right to counsel.

For all the reasons stated here and on the record, Defendants' motion to discharge counsel will be denied.

## II.

The government's motion in limine requests the Court to issue a pretrial ruling that certain evidence will not be admissible at trial, and to instruct defense counsel, Defendants, and all witnesses called by Defendants, not to attempt to introduce such inadmissible evidence through pleadings, documents, testimony, remarks, questions, or arguments.

The government's request for a pretrial ruling on the admissibility of evidence is triggered by Defendants' previously expressed opinions. Defendants' recent filings with the Court, including their May 9, 2008, letter beginning with the phrase "this is an informal matter and you are without title and license" (Dkt. No. 34), and their May 11, 2008, "notice show cause request for tax return certificate immediately" (Dkt. No. 37), convince the Court that despite Defendants' representation by competent and experienced counsel, some pretrial

4

guidance on the admissibility of evidence is necessary in order that Defendants might understand the rules that will guide the trial of their case.

The categories of evidence the government seeks to exclude are summarized as follows: 1) challenges to the constitutionality of the income tax laws; 2) challenges to the validity of the United States monetary system; 3) challenges to treating wages or other gains as income; 4) third-party testimony regarding Defendants' beliefs; 5) evidence suggesting that the Fifth Amendment prohibition against compelled self-incrimination is a defense to the failure to file a tax return; 6) documentary evidence on which Defendants purportedly relied in determining that gains were not subject to the income tax laws; 7) evidence regarding civil procedures for collecting taxes; 8) evidence seeking to establish that Defendants were not persons subject to the taxation laws of the United States; 9) evidence challenging the Court's jurisdiction; 10) evidence by "tax experts" concerning tax law; 11) evidence challenging this investigation and prosecution based on the Paperwork Reduction Act of 1990, and 12) any evidence challenging the process by which Defendants are before the Court.

In a jury trial the jury decides the facts, but the Court decides the law. Accordingly, legal challenges to this Court's jurisdiction, the constitutionality of the income tax laws, the validity of the monetary system, Defendants' status as persons subject to taxation, the treatment of wages as income, the rejection of the Fifth Amendment as a defense to the failure to file a tax return, the IRS's resort to criminal as opposed to civil procedures, and

the process by which Defendants are before the Court, are legal issues for the Court's determination. Such legal challenges are irrelevant to the issues to be decided by the jury, would usurp the function of the Court to instruct the jury on the law, and are also frivolous. *See*, *e.g.*, *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting tax protester arguments that court lacked jurisdiction over them and Sixteenth Amendment does not authorize income tax); *United States v. Burton*, 737 F.2d 439, 441 (5th Cir. 1984) ("Beyond dispute, wages are income."); *United States v. Whitesel*, 543 F.2d 1176, 1881 (6th Cir. 1976) (attack against federal reserve and U.S. monetary system in the context of prosecution for failure to file income tax returns was "clearly frivolous"); *United States v. Heise*, 709 F.2d 449, 450 (6th Cir. 1983) (Fifth Amendment privilege against compulsory self-incrimination does not justify an outright refusal to file an income tax return); *United States. v. Batchelder*, 442 U.S. 114, 124 (1979) (whether to prosecute and what charge to file or bring before grand jury are matters within prosecutor's discretion). Defendants are accordingly instructed not to raise these kinds of legal challenges before the jury.

The government also seeks to prohibit introduction of evidence purportedly establishing Defendants' good-faith belief that the federal income tax laws are unconstitutional or unlawful. While willfulness is an element of the crimes charged in the indictment, neither Defendants' disagreement with the law, nor their belief that the law is unconstitutional constitutes a proper defense to the crimes charged. *Cheek v. United States*,

498 U.S. 192, 206 (1991) ("a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness"); *United States v. Grumka*, 728 F.2d 794, 797 (6th Cir. 1984) ("'[N]either a defendant's disagreement with the law, nor his own belief that such law is unconstitutional-no matter how earnestly held-constitute a defense of good faith misunderstanding or mistake. It is the duty of all citizens to obey the law whether they agree with it or not.'") (quoting *United States v. Ware*, 608 F.2d 400, 405 (10th Cir. 1979)). Defendants are accordingly instructed not to raise the issue of their belief in the unconstitutionality of the federal income tax laws before the jury.

The government seeks to prohibit introduction of documentary evidence purportedly relied upon by Defendant in determining that he was not required to file federal tax returns. The government acknowledges that Defendant is entitled to claim reliance upon such documents to explain the reasons for his purported beliefs regarding the requirements of the tax laws, but raises the legitimate concern that such documents may usurp the function of the trial court to provide the law and unduly confuse the jury.

In *Cheek* the Supreme Court held that a defendant may not be convicted of willfully failing to file tax returns if he held a good-faith belief that the law did not impose such a duty upon him, regardless of whether the claimed belief is objectively reasonable. 498 U.S. at 202. In light of *Cheek*, the Sixth Circuit has held that, to the extent relevant, a defendant should be allowed to present the pertinent excerpts from the documents on which he relied. *United States v. Gaumer*, 972 F.2d 723, 725 (6th Cir. 1992). The Sixth Circuit has also

recognized that such documents may be cumulative and may hold the danger of confusing the jury by introducing purported legal analysis that is at odds with the trial court's instructions. *United States v. Nash*, 175 F.3d 429, 435 (6th Cir. 1999). The Court is not required to permit the physical introduction of exhibits comprising hundreds of pages. It likely will be sufficient to permit Defendants to read relevant excerpts to the jury. *See Gaumer*, 972 F.2d at 725. Because the Court is not aware of what exhibits Defendants may attempt to introduce, the Court cannot assess the volume, likely confusion, or relevance of the documents. The Court accordingly reserves ruling on this issue, except to note that reference will be made to *Cheek* for the standards to be relied upon in determining what evidence is relevant and in instructing the jury.

The government seeks to preclude any evidence provided by "tax experts" regarding opinions concerning the status, impact, effect, and significance of tax law and related subjects. While the Court cannot predict what evidence might be offered, the Court can state categorically that it is the Court's role to instruct the jury on the law, and the Court will not permit the introduction of evidence regarding the applicable law that will confuse the jury and usurp the function of the Court to instruct the jury on the law. *See United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984) ("It is the function of the trial judge to determine the law of the case. It is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles.").

The government seeks to preclude any evidence challenging this investigation and prosecution based on the Paperwork Reduction Act of 1990 ("PRA"), 44 U.S.C. § 3501 *et seq.* The PRA prohibits a federal agency from adopting regulations which impose paperwork requirements on the public unless it receives OMB approval. 44 U.S.C. § 3507. The PRA also provides that no person shall be subject to any penalty for failing to provide information to any agency if the information collection request does not display the control number assigned by the OMB. 44 U.S.C. § 3512. The PRA also specifically provides that it shall not apply to the collection of information during the conduct of "an administrative action or investigation involving an agency against specific individuals or entities." 44 U.S.C. § 3518(c)(1)(B)(ii). Moreover, as noted in *United States v. Wunder*, 919 F.2d 34, 38 (6th Cir. 1990), the requirement to file a tax return is mandated by statute, not by regulation, and the PRA does not apply to the statutory requirement.

For the reasons stated in this opinion, the government's motion in limine will be granted in part and reserved in part.

An order consistent with this opinion will be entered.

Date:   May 14, 2008                         /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             CHIEF UNITED STATES DISTRICT JUDGE